TEXAS FARMERS INSURANCE COMPANY, Appellant,

v.

Carabell FRUGE, Appellee.

No. 09–98–439 CV.

Court of Appeals of Texas, Beaumont.

Submitted Dec. 2, 1999.

Decided March 9, 2000.

Mitch Templeton, Chambers, Templeton, Cashiola, Beaumont, for appellant.

March H. Coffield, John H. Seale, Seale, Stover, Coffield & Bisbey, Jasper, for appellee.

Before WALKER, C.J., BURGESS and FARRIS,* JJ.

\* The Honorable David Farris, sitting by assignment pursuant to Tex. Gov't Code Ann.

## OPINION ON MOTION FOR REHEARING

DAVID FARRIS, Justice (Assigned).

In response to the motion for rehearing filed by Texas Farmers Insurance Company, we withdraw our opinion of January 27, 2000, and substitute the following in its place.

■ This case raises questions related to personal injury protection coverage (PIP) provided in an automobile liability insurance policy as required by Tex. Ins. Code. Ann. art. 5.06–3 (Vernon 1981). The underlying issue in this case is whether or not an insurance company breached its contract by placing the names of medical providers and Medicare as co-payees on checks paying PIP benefits to Carabell Fruge. We hold that the company did breach its contract but that it was entitled to name Medicare as a co-payee to part of the PIP benefits.

Jackie Ryan had purchased an automobile liability insurance policy from Texas Farmers Insurance Company that provided her with $2,500 in PIP coverage. Fruge was a passenger in Ryan's vehicle and was injured in a car wreck. After her injury, Fruge's attorney filed on her behalf a PIP claim with Farmers supported by documents reflecting medical expenses of $3,490. Some of the supporting documents contained some reference to Medicare. At least one document was stamped "Benefits Assigned." Farmers responded to Fruge's claim by mailing her six checks totaling $2,500.30. Four of the checks, totaling $1,854.30, named medical providers, Medicare, or both as co-payees with Fruge. All six checks named the law firm representing Fruge as a co-payee. Fruge's attorney returned all six checks with a letter advising Farmers that "some or all" of the medical bills related to the checks naming co-payees had been paid, complaining that it would take six months

§ 74.003(b) (Vernon 1998).

to get all of the necessary endorsements, and demanding payment naming Fruge as the sole payee.

Fruge brought an action in contract under art. 5.06–3 against Farmers to recover $2,500.00 in benefits, as well as penalty and attorneys fees. The trial court found that Farmers had wrongfully put the names of health care providers on the checks and granted an instructed verdict submitting only the question of attorneys fees to the jury. Farmers complains of the instructed verdict, asserting that it was obligated to honor assignments to providers and that Medicare had a primary subrogation interest.

■ We reject Farmers' assertion that it was obligated to honor assignments to Fruge's medical providers because we conclude that according to the terms of the policy the stamped notations "Benefits Assigned" was not an assignment. According to the terms of its policy, Farmers would honor assignments for medical expenses if it received a written assignment signed by the covered person to whom such benefits were payable. And Farmers offers no authority to support any obligation on its part to go beyond the terms of its policy. Absent a valid assignment conforming to the language of Farmers' policy, Fruge was right to expect that PIP benefits would be made payable to her alone.

■ Naming Medicare as a co-payee is another matter. Federal law provides that any payment of medical costs by Medicare for which private insurance is the primary payer is conditioned upon reimbursement from the insurer. 42 U.S.C. § 1395y(2)(B)(i). Medicare is a secondary payer for services covered under no-fault insurance. 42 U.S.C. § 1395y(2)(A)(B)(ii); 42 C.F.R. § 411.50(c). And "no-fault insurance" includes "personal injury protection" coverage. 42 C.F.R. § 411.50(b). This is an instance where federal law

preempts state law. See *U.S. v. Geier*, 816 F.Supp. 1332, 1337 (W.D.Wis.1993). State law can be preempted by federal rules as well as federal statutes. See *Hillsborough County v. Automated Med. Lab., Inc.*, 471 U.S. 707, 713, 105 S.Ct. 2371, 85 L.Ed.2d 714, 721 (1985). To avoid the risk of making the same payment twice, Farmers may have been correct in not making an unconditional payment to Fruge reimbursing her for expenses it should have known had already been paid by Medicare. See *Health Ins. Ass'n of America, Inc. v. Shalala*, 23 F.3d 412, 418 (D.C.Cir.1994).

While Farmers is correct in its assertion that federal statutes and rules preempted state law, it cannot, on the face of the record, claim that it had reason to suspect that Medicare was entitled to the sum represented by the checks that named Medicare as co-payee. Though the record speaks of six checks and Farmers appears to have named Medicare as payee on checks totaling $1,352, the record only shows a Medicare payment of $168.56. Accordingly, it appears that Farmers wrongfully named Medicare as a co-payee to part of PIP benefits.

We conclude that Farmers breached its contract and that Fruge was entitled to recover benefits, penalty and attorneys' fees under § 5.06–3. We affirm the judgment, but reform the judgment to allow Farmers to show Medicare as co-payee on $168.56 of the proceeds of the judgment.[1] The judgment is reformed to decree that the plaintiff Carabell Fruge have and recover of and from the defendant Texas Farmers Insurance Company the sum of $2,331.44 to be paid directly to her and the sum of $168.56 to be paid to Carabell Fruge and Medicare as co-payees.

AFFIRMED AS REFORMED.

---

1. Upon final resolution, Farmers should satisfy the judgment with two checks; one for

$168.56 with Medicare as a co-payee and one for the remainder.