In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-225 CV


____________________



TOM LEWIS, Appellant



V.



ALLSTATE INSURANCE COMPANY, Appellee






On Appeal from the County Court at Law No. 2


Montgomery County, Texas


Trial Cause No. 04-01-00178-CV






MEMORANDUM OPINION


 Appellant Tom Lewis appeals from the granting of appellee Allstate Insurance
Company's ( hereinafter "Allstate") traditional motions for partial summary judgment and
summary judgment. We affirm.

Background


 Lewis, who was insured under an automobile liability policy issued by Allstate
Indemnity Company ("AIC"), made a claim for uninsured motorist benefits after being
injured in an automobile accident. After corresponding for several months with AIC about
his claim, Lewis retained counsel. Lewis's counsel sent a demand letter to AIC for full
uninsured motorist benefits under the policy. A representative of Allstate Insurance
Company responded, indicating she would be responsible for handling the claim and
requesting additional information. Allstate's representative subsequently sent a letter to
counsel which stated, in pertinent part:

 You have asked us to make payment to you and your client without protecting
the federal government's right of subrogation in this claim. We have
information that Medicare has made payments for treatment rendered as a
result of this accident and we do not feel that we can safely send a check to
you and your client without protecting their interest.


 . . . .


 If you are convinced in your belief that the government has no valid
subrogation right, we ask that you write to the federal agency involved and get
a written response from them that tells us that they are not going to seek
subrogation in this particular case so that we may safely pay you and your
client without the possibility of having later to reimburse them for their
interest. 


 AIC proposed to pay $20,000 to settle Lewis's claim and forwarded a check for that
amount naming Lewis, Lewis's counsel, and Medicare as co-payees. Lewis's counsel
rejected the check, and Lewis subsequently sued Allstate Insurance Company. In his lawsuit,
Lewis alleged Allstate breached its contract by naming Medicare as a co-payee on the
settlement check, and he also sought damages under article 21.55 of the Texas Insurance
Code for failure to promptly pay his claim. See Act of May 27, 1991, 72nd Leg., R.S., ch.
242, § 11.03, 1991 Tex. Gen. Laws 939, 1043, repealed by Act of May 22, 2003, 78th Leg.,
R.S., ch. 1274, § 26(a)(1), 2003 Tex. Gen. Laws 3611, 4138. 

 Allstate filed a traditional motion for summary judgment, in which it alleged it did not
breach its contract with Lewis because no express agreement existed as to how the settlement
check would be issued, and it was not liable to Lewis under article 21.55 of the Texas
Insurance Code because AIC, not Allstate, issued Lewis's insurance policy. Allstate also
filed a traditional motion for partial summary judgment, in which it asserted it properly
included Medicare as a co-payee on the settlement check because it was obligated to protect
Medicare's interest. The trial court entered an order granting Allstate's motion for partial
summary judgment. In its order, the trial court found that 

 [t]he inclusion of Medicare as a payee on a check tendered to pay policy
benefits is proper in this matter. At the time the check was issued the amount
of the Medicare claim was unknown by Plaintiff and remains unknown today. 
There is no requirement pursuant to law for an insurance company to
independently obtain the amount of Medicare's lien prior to issuing a draft for
policy benefits. 


On the same date, the trial court entered an order that granted Allstate's Motion for Summary
Judgment and ordered that Lewis take nothing. 

Standard of Review


 We review the trial court's summary judgment orders de novo. See Provident Life &
Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003). With a traditional motion for
summary judgment, the movant bears the burden of establishing that there is no genuine issue
of material fact and it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); 
Randall's Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex.1995). A defendant
moving for summary judgment must negate at least one element of each of the plaintiff's
theories of recovery or plead and conclusively establish each element of an affirmative
defense. Science Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997). If the
moving party produces evidence entitling it to summary judgment, the burden shifts to the
nonmovant to present evidence that raises a material fact issue. Walker v. Harris, 924
S.W.2d 375, 377 (Tex.1996). In deciding whether there is a disputed material fact issue
precluding summary judgment, evidence favorable to the nonmovant will be taken as true. 
Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). Every reasonable
inference must be indulged in favor of the nonmovant and any doubts resolved in his favor. 
Id at 549.

Lewis's Issues


 In two issues, Lewis asserts the summary judgments are erroneous because (1)
Allstate breached its contract by including Medicare as a co-payee on the settlement check
issued to Lewis and (2) Allstate has a duty to investigate the amount of Medicare's interest. (1)
As Lewis concedes, Medicare may seek reimbursement from an insurance company that
knew or should have known about payments made by Medicare but failed to protect
Medicare's rights. See 42 U.S.C.A. § 1395y(b)(2)(B)(ii) (West Supp. 2005). Citing our
opinion in Texas Farmers Ins. Co. v. Fruge, 13 S.W.3d 509, 511 (Tex. App.--Beaumont
2000, pet. denied), Lewis correctly asserts "that it is a breach of contract for an insurer to
include Medicare on a benefit check where the insurer had no reason to suspect that
Medicare had any entitlement to a portion of the benefits paid." As Lewis notes, we also
held in Fruge that the insurer "may have been correct in not making an unconditional
payment to [the claimant] reimbursing her for expenses it should have known had already
been paid by Medicare." Id. 

 Relying solely upon Fruge, Lewis argues that Allstate breached its contract and its
alleged duty to determine the amount paid by Medicare. Lewis maintains that in Fruge, this
Court "clearly place[d] the burden of determining Medicare's right of recovery . . . with the
insurer obligated to Medicare." We reject this interpretation of Fruge. In Fruge, the insurer
knew Medicare had made a payment of $168.56, yet the insurer included Medicare as a co-payee on checks totaling $1,352. Id. In this case, although the precise amount of the
payments made by Medicare was unknown during settlement negotiations, both parties knew
Medicare had issued payments for Lewis's medical treatment. (2) Furthermore, Lewis produced
no evidence raising a genuine issue of material fact as to any agreement regarding how the
settlement check was to be issued. Therefore, Allstate did not breach its contract with Lewis
by including Medicare as a co-payee on the settlement check. See id. 

 Nothing in Fruge suggests that insurers must independently investigate the amount
of Medicare benefits paid to claimants before issuing a settlement check, and we decline
Lewis's invitation to impose such a duty. See id. Although we held in Fruge that the insurer
wrongly named Medicare as a co-payee for the full amount of the benefits when the precise
amount Medicare paid was known, we merely reformed the trial court's judgment to allow
the insurer to show Medicare as a co-payee for the amount actually paid by Medicare; the
remainder of the funds were to be paid directly to the claimant. Id. The trial court did not
err in granting Allstate's motions for partial summary judgment and summary judgment. 
Lewis's first and second issues are overruled, and the judgments of the trial court are
affirmed.

 AFFIRMED.


 _________________________________

 CHARLES KREGER

 Justice


Submitted on January 2, 2006 

Opinion Delivered March 16, 2006


Before McKeithen, C.J., Gaultney and Kreger, JJ.

1. Allstate's motion for summary judgment also asserted Allstate Insurance
Company is not liable to Lewis under article 21.55 of the Texas Insurance Code because a
separate entity, Allstate Indemnity Company, issued Lewis's policy. See Act of May 27,
1991, 72nd Leg., R.S., ch. 242, § 11.03, 1991 Tex. Gen. Laws 939, 1043, repealed by Act
of May 22, 2003, 78th Leg., R.S., ch. 1274, § 26(a)(1), 2003 Tex. Gen. Laws 3611, 4138. 
However, Lewis does not assert an issue on appeal as to this basis for summary judgment.
Therefore, we do not consider the propriety of the summary judgment as to this cause of
action. See Tex. R. App. P. 38.1(h); Malooly Bros., Inc. v. Napier, 461 S.W.2d 119, 121
(Tex. 1970).
2. After Lewis sued Allstate, Lewis's counsel received correspondence from
Medicare's representative indicating Medicare had paid $3,312.88.